RECEIVED
IN LAKE CHARLES, LA
NOV - 4 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:10 CR 00038-001 |
| VS. | : | JUDGE MINALDI |
| AGON ELLIOTT LEBLANC, JR. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Presently before the court are the defendant's objections to the Presentence Report (PSR") prepared by the Probation Department.

On July 6, 2010, Agon LeBlanc pled guilty to two counts of possession of a firearm by a convicted felon (18 U.S.C. § 922(g)(1)) and one count of carjacking (18 U.S.C. § 2119(1)). In the Plea Agreement (Rec. Doc. 26), LeBlanc admitted that he was previously convicted by the State of Louisiana of accessory after the fact to first degree murder; distribution of cocaine; and first degree robbery. The probation office prepared a PSR, indicating that LeBlanc may qualify as an Armed Career Criminal under 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"). On September 8, 2010, LeBlanc notified the probation office that he objected to the ACCA classification because the conviction of accessory after the fact does not qualify as a predicate offense.

On August 31, 2010, counsel for the government submitted to the Court a transcript of LeBlanc's state court guilty plea colloquy on the accessory after the fact charge. The cover letter stated that counsel for the government intends to file the transcript during the upcoming sentencing hearing. LeBlanc objects [doc. 31] to the introduction of the State transcript into evidence, and to

the ACCA classification.

The Armed Career Criminal Act ("ACCA") subjects a defendant convicted under 18 U.S.C. § 922(g) to a minimum sentence of 15 years if he has three prior convictions for "a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). To establish that an ACCA enhancement is proper, the Government bears the initial burden of establishing the defendant's prior convictions. *See United States v. Barlow*, 17 F.3d 85, 89 (5th Cir.1994). Once the Government establishes the fact of a prior conviction, the defendant must prove the invalidity of the conviction by a preponderance of the evidence. *United States v. Bookman* 263 Fed.App'x. 398, 400-401, 2008 WL 189984, 2 (5th Cir. 2008).[1]

The district court must determine whether the ACCA applies and in doing so is generally limited to consulting the following sources: 1) the statutory definition, 2) the charging document, 3) the written plea agreement, transcript of the plea colloquy, or prior-offense judgment, and 4) any explicit finding by the trial court to which the defendant assented. *See United States v. Fuller*, 453

---

[1] While all circuits to address the issue note that the Government carries an initial burden, they also place the onus on defendants to prove that prior offenses are not separate. *See United States v. Phillips*, 149 F.3d 1026, 1033 (9th Cir.1998), *cert. denied, Phillips v. United States*, 526 U.S. 1052, 119 S.Ct. 1359, 143 L.Ed.2d 520 (1999) ("The Government carried its burden of proving by a preponderance of the evidence that Phillips committed three predicate offenses 'on occasions different from one another.' It did so by submitting unchallenged, certified records of conviction and other clearly reliable evidence.... The burden then shifted to Phillips to challenge the Government's evidence.") (internal citations omitted); *United States v. Cowart*, 90 F.3d 154, 159 (6th Cir.1996) (holding that once the Government has shown that defendant has prior convictions, the burden shifts to the defendant to demonstrate that the predicate crimes were committed as part of a single common scheme or plan); *United States v. Hudspeth*, 42 F.3d 1015, 1019 n. 6 (7th Cir.1994) (holding that a certified record of conviction satisfies the Government's burden and the defendant must then establish that the prior convictions occurred on one occasion); *United States v. Redding*, 16 F.3d 298, 302 (8th Cir.1994) (same); *United States v. Ruo*, 943 F.2d 1274, 1276 (11th Cir.1991) (same).

F.3d 274, 279 (5th Cir.2006)(citing *Shepard v. United States*, 544 U.S. 13, 16 (2005)).

18 U.S.C. §924(e)(2) states:

**(2)** As used in this subsection–

**(A)** the term "serious drug offense" means--

**(I)** an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, for which a maximum term of imprisonment of ten years or more is prescribed by law; or

**(ii)** an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law;

**(B)** the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--

**(I)** has as an element the use, attempted use, or threatened use of physical force against the person of another; or

**(ii)** is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another; and

**(C)** the term "conviction" includes a finding that a person has committed an act of juvenile delinquency involving a violent felony.

18 U.S.C.A. § 924.

Two of LeBlanc's prior felony convictions clearly meet the definition of a "serious drug offense" or a "violent felony." These convictions are distribution of cocaine and first degree robbery.

At issue is the conviction as an accessory after the fact to first degree murder.

The Government contends that the conviction for being an accessory after the fact to first degree robbery is a predicate offense pursuant to 18 U.S.C. §924(e). The defendant disagrees.

"In determining whether [a] crime is a violent felony pursuant to the ACCA, the court considers the offense generically, that is, in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." *Begay v. United States,* 128 S.Ct. 1581, 1584 (2008) (quoting 18 § U.S.C. 924(e)(1)); *see Chambers v. United States,* --- U.S. ----, 129 S.Ct. 687, 690, 172 L.Ed.2d 484 (2009) ("The [ACCA's] defining language, read naturally, uses 'felony' to refer to a crime as generally committed."); *Taylor v. United States,* 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) (adopting this "categorical approach"); *United States v. Harrimon,* 568 F.3d 531, 532 (5th Cir. 2009).

There is no crime of "accessory after the fact to first degree murder" contained in the Louisiana Revised Statutes. Louisiana criminalizes "accessories after the fact" in La.R.S. 14:25:

> An accessory after the fact is any person who, after the commission of a felony, shall harbor, conceal, or aid the offender, knowing or having reasonable ground to believe that he has committed the felony, and with the intent that he may avoid or escape from arrest, trial, conviction, or punishment.
>
> An accessory after the fact may be tried and punished, notwithstanding the fact that the principal felon may not have been arrested, tried, convicted, or amenable to justice.
>
> Whoever becomes an accessory after the fact shall be fined not more than five hundred dollars, or imprisoned, with or without hard labor, for not more than five years, or both; provided that in no case shall his punishment be greater than one-half of the maximum provided by law for a principal offender.
> LSA-R.S. 14:25.

To determine whether this conviction constitutes an aggravated felony for ACCA purposes,

we apply a "categorical approach," under which we refer only to the statutory definition of the crime for which the defendant was convicted (rather than attempt to reconstruct the concrete facts of the actual criminal offense) and ask whether that legislatively-defined offense necessarily fits within the definition of an aggravated felony. *Larin-Ulloa v. Gonzales*, 462 F.3d 456, 463 -464 (5th Cir. 2006).

This methodology has its roots in the categorical approach adopted by the Supreme Court in *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), to determine whether a prior conviction constitutes a predicate offense under the sentence enhancement provisions of the Armed Career Criminal Act, 18 U.S.C. § 924(e). Among the considerations that led the *Taylor* court to conclude that a categorical approach to prior convictions was necessary were concerns about the practical difficulties and fairness problems that would arise if courts were permitted to consider the facts behind prior convictions.[2] The Court noted that a fact-based approach to prior convictions would potentially require federal courts to relitigate a defendant's prior conviction in any case where the government alleged that the defendant's actual conduct fit the definition of a predicate offense. *Taylor*, 495 U.S. at 601, 110 S.Ct. 2143; *see also Tokatly v. Ashcroft*, 371 F.3d 613, 621 (9th Cir.2004) (noting "fundamental principle" that "in determining whether a prior conviction constitutes a predicate offense, we must avoid 'the enormous problems of re-litigating past convictions, especially in cases where the defendant pleads guilty and there is no record of the underlying facts'") (quoting *United States v. Castillo-Rivera*, 244 F.3d 1020, 1022 (9th Cir.2001)).

The categorical approach is not absolute, however. If the statute of conviction defines

---

[2] The *Taylor* court also emphasized that the language of 18 U.S.C. § 924(e) supported a categorical approach because its sentence enhancement provisions are triggered by prior *convictions*, and not by the fact that the person has previously committed an offense. *See Taylor*, 495 U.S. at 601, 110 S.Ct. 2143.

multiple offenses, at least one of which does not describe an aggravated felony, we apply a modified categorical approach, under which we may also examine certain additional documents (if contained in the record framing the guilty plea conviction) to determine whether the conviction was "necessarily" for a particular crime defined by the statute that meets the aggravated felony criterion. *See Shepard v. United States,* 544 U.S. 13, 20-21, 26, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005); *Omari,* 419 F.3d at 308; *see also Dickson v. Ashcroft,* 346 F.3d 44, 48-49 (2d Cir.2003) ("In reviewing a conviction under a divisible statute, the categorical approach permits reference to the record of conviction for the limited purpose of determining whether the alien's conviction was under the branch of the statute that permits removal."). In the case of guilty plea convictions under such a divisible statute, we may consider, in addition to the language of the statute, the " 'charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.' " *Omari,* 419 F.3d at 308 (quoting *Shepard,* 544 U.S. at 16, 125 S.Ct. 1254). The use of these documents is permitted because they are considered sufficiently conclusive and reliable to establish the facts to which the alien actually pleaded guilty. *See Shepard,* 544 U.S. at 23, 125 S.Ct. 1254 (stating that evidence of facts should be "confined to records of the convicting court approaching the certainty of the record of conviction"). "Documents not of that kind, including police reports and complaint applications, may not be considered." *Omari,* 419 F.3d at 308.

If the documents that we may consider under the modified categorical approach are insufficient to establish that the petitioner was necessarily convicted of an aggravated felony, we must find that "the government has not met its burden of proving that the conduct for which the petitioner was convicted constitutes a predicate offense, and the conviction may not be used as a

basis for removal." *Tokatly,* 371 F.3d at 620; *see Omari,* 419 F.3d at 309 (same).

The Louisiana statute governing the offense of accessory after the fact has the following elements:

1) knowledge that someone has committed a felony;

2) harbor, conceal, or aid the offender, knowing or having reasonable ground to believe that he has committed the felony;

3) with the intent that the person who committed the felony may avoid or escape arrest, trial, conviction or punishment.

There are no violent elements to this statute, therefore, it is not a mixed statute, criminalizing both violent and nonviolent acts. Therefore, this court will use the categorical approach, which is limited to the fact of the conviction and the statutory definition of the offense.

The final point of analysis is whether accessory after the fact fits into the "Otherwise Clause." §924(e)(2)(B)(ii). In applying the "Otherwise Clause," the Supreme Court in *Begay v. United States* explained that § 924(e)(2)(B)(ii) "listed examples-burglary, arson, extortion, or crimes involving the use of explosives-that illustrate the kinds of crimes that fall within the statute's scope." 128 S.Ct. 1581, 1584-85 (2008). The presence of the enumerated offenses "indicates that the statute covers only *similar* crimes, rather than *every* crime that presents a serious potential risk of physical injury to another." *Id.* at 1585 (internal quotations omitted). Thus, the Court instructed that the "Otherwise Clause" covers only "crimes that are roughly similar, in kind as well as in degree of risk posed, to the examples themselves." Id.

LeBlanc's conviction for accessory after the fact to first degree murder is not similar in kind

7

to any of the enumerated offenses. The Supreme Court has indicated that § 924(e)(2)(B)(ii) was created to expand the definition of a violent felony to include physically risky crimes against property. *See Begay*, 128 S.Ct. at 1586. As the *Begay* Court stated: "Congress sought to expand th[e] definition [of violent felony] to include both crimes against the person (clause (i)) and certain physically risky crimes against property (clause (ii))." *Id.* LeBlanc's conviction for being an accessory after the fact is not a property crime. As such, it is not similar in kind to the enumerated offenses and, therefore, not a violent felony under the Otherwise Clause.

Based upon the categorical approach, the court finds that accessory after the fact to first degree murder is not a violent felony pursuant to the ACCA. Therefore, the Government will not be permitted to enter the State guilty plea transcript into the record at the sentencing hearing.

Further, based upon the facts contained in the Presentence Report and assuming that the Government will not be able to meet its burden of proving the existence of these three prior offenses at the sentencing hearing, and based upon the reasoning provided above, the court finds that the defendant does not have three prior convictions for violent felonies and/or drug offenses. Therefore LeBlanc does not meet the definition of an armed career criminal. Accordingly, the defendant's total offense level is 27 with a Criminal History Category of VI. The guideline range is 130 months to 162 months.

The defendant also objected to ¶¶ 106 and 107, in which the PSR indicated that an upward departure or variance may be warranted. This objection has no immediate impact on the guidelines

calculation and does not require a ruling herein. The court will consider the arguments offered and will rule on this issue prior to sentencing.

Lake Charles, Louisiana, this ___ day of November, 2010.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE