UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:10-CR-00038-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **AGON ELLIOTT LEBLANC JR (01)** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM ORDER

Before the Court is a "Motion" considered as a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (Rec. 68) wherein Defendant Agon Elliott LeBlanc, Jr. seeks to have his sentence vacated. LeBlanc, relying on *Rehaif v. United States,* 139 S.Ct. 2191 (2019), argues that his "conviction under 18 U.S.C. § 922(g)(1) violates the Due Process Clause of the United States Constitution, violates the laws of the United States and results in a fundamental miscarriage of justice and was entered in excess of the court's jurisdiction."[1]

### BACKGROUND

On February 10, 2010, a federal grand jury returned a four-count indictment against LeBlanc charging him with two counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Counts 1 and 4), one count of carjacking in violation of 18 U.S.C. § 2119(1) (Count 2), and one count of using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1) (Count 3).[2] On

---

[1] Motion, p. 2, Rec. 68.
[2] Rec. 1.

February 26, 2010, the United States filed an "Information of Prior Conviction" asserting that by virtue of his prior convictions for "Accessory After the Fact to First Degree Murder," felony "Distribution of Cocaine," and "First Degree Robbery," LeBlanc was subject to the enhanced statutory penalties provided in the Armed Career Criminal Act, 18 U.S.C. § 924(e).[3]

On July 6, 2010, pursuant to a written plea agreement, LeBlanc pleaded guilty to the two felon-in-possession charges (Counts 1 and 4) and to the carjacking charge (Count 2) in exchange for the United States' promise to dismiss the remaining charge at the time of sentencing.[4]

On November 4, 2010, the Court issued a Memorandum Ruling in which it determined that LeBlanc was not subject to the 924(e) enhancement but noted that the Court would consider at the sentencing hearing whether a departure or variance would be appropriate.[5] On that same day, LeBlanc was sentenced to 120 months on each of Counts 1 and 4, to be served concurrently, and 180 months on Count 2, to be served consecutively to the sentence imposed on Count 1 and concurrently with the sentence imposed on Count 4.[6]

LeBlanc appealed his sentence,[7] which was affirmed by the Fifth Circuit on October 14, 2011.[8] On June 27, 2016, LeBlanc filed a *pro-se* motion to vacate, set aside or correct

---

[3] Rec. 11.

[4] Rec. (25, 26).
[5] Rec. 37.
[6] LeBlanc was also ordered to serve three (3) years supervised release on each Count, concurrently.
[7] Rec. 40.
[8] Rec. 50.

sentence under 28 U.S.C. § 2255. LeBlanc argued that the *Johnson*[9] decision applied to the guidelines.[10] The motion was stayed pending a decision in *Beckles,*[11] and shortly thereafter LeBlanc was appointed a Federal Public Defender to represent him as to the § 2255 motion.[12]

After *Beckles*[13] was decided, the Federal Public Defender filed a motion to dismiss LeBlanc's § 2255 motion.[14] The Government responded that the granting of the motion to dismiss would not preclude it from later arguing that any later filed § 2255 motions would be successive.[15] The Court granted the motion to dismiss without prejudice.[16] LeBlanc has now filed the instant § 2255 motion, *pro se.*

## **ANALYSIS**

The Government argues that LeBlanc's motion is a successive motion which this Court lacks jurisdiction because LeBlanc has not obtained a certificate from the United States Court of Appeals for the Fifth Circuit.[17] Considering the circumstances surrounding the dismissal without prejudice, the Court agrees.

---

[9] *Johnson v. United States,* 135 S.Ct. 2551, 2563 (2015) (*Johnson* voided, in part, the definition of a qualifying "violent felony" used for a sentence enhancement under the Armed Career Criminal Act. *Id.* at 2563. The Court held that a "residual clause" in the definition—covering crimes "involv[ing] conduct that presents a serious potential risk of physical injury to another violated the constitutional prohibition against vague criminal laws, and that an increased sentence based on that clause violates a defendant's right to due process. *Id.*
[10] Rec. 55.
[11] In *Beckles v. United States,* ---- U.S. ----, 137 S.Ct. 886, 897, (2017), the Court declined to extend *Johnson* to guideline determinations and instead held, "[b]ecause the advisory Sentencing Guidelines are not subject to a due process vagueness challenge, § 4B1.2(a)'s residual clause is not void for vagueness."
[12] Rec. 60.
[13] In *Beckles*, the Court ultimately ruled against LeBlanc's position, concluding that the sentencing guidelines "are not subject to a vagueness challenge under the Due Process Clause" because "they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range."
[14] Rec. 63.
[15] Rec. 64.
[16] Rec. 65.
[17] 28 U.S.C. § 2255; 28 U.S.C. § 2244.

A defendant must receive authorization from the Court of Appeals before filing a successive § 2255 motion. See 28 U.S.C. § § 2255, 2244 (b)(3)(A); *United States v Key,* 205 F.3d 773, 774 (5th Cir. 2000).

Generally, when a defendant's prior § 2255 motion is withdrawn and dismissed without prejudice, and the merits have not been adjudicated, the second successive § 2255 motion is not considered successive. *Barrientes v. Johnson,* 221 F.3d 741 (5th Cir. 2000). However, when a § 2255 motion is withdrawn because the defendant knows he will not be successful, the first motion may still be counted as a prior § 2255 motion to determine whether a later filed § 2255 motion is successive.[18] See *Felder v. McVicar,* 113 F.3d 696, 698 (7th Cir. 1997) (recognizing that defendants "cannot be permitted to thwart the limitations on the filing of second or successive motions by withdrawing [their] first [motion] as soon as it becomes evident that the district court is going to [reject] it on the merits"); *Thai v. United States,* 391 F.3d 491, 495 (2d Cir. 2004) (pointing out that if "the circumstances surrounding withdrawal clearly and objectively indicates that the petitioner knows his or her motion is meritless," then "the withdrawal is akin to a dismissal on the merits and subsequent petitions will count as successive under [Section 2255].)

The Tenth Circuit held that a § 2255 motion in which a defendant, who had counsel, and claimed that *Johnson* applied to the guidelines and which was withdrawn after the *Beckles* decision was rendered and dismissed without prejudice, was still considered a prior

---

[18] Rec 64.

§ 2255 motion when the defendant filed a later § 2255 motion. *United States v. Rejda,* 790 F.App'x 900, 905 (10th Cir. 2019).

In this case, LeBlanc filed the first § 2255 motion relying on *Johnson* wherein he argued that the residual clause of U.S.S.G. § 2K2.1 was void for vagueness and could not be used to enhance his sentence. *Beckles,* which was decided on March 6, 2017, determined that LeBlanc was not entitled to the relief he requested. LeBlanc's attorney voluntarily filed a motion to withdraw on April 12, 2017 which was granted. This Court agrees with the *Redja* court that LeBlanc's § 2255 motion is successive and unauthorized. LeBlanc's first § 2255 motion was clearly doomed based on the *Beckles* decision. Hence, the subsequent motion for dismissal was filed. Accordingly, it is

**ORDERED** that the Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is hereby dismissed without prejudice as this Court lacks jurisdiction because it is a second or successive § 2255 motion not authorized by the Fifth Circuit Court of Appeals.

**THUS DONE AND SIGNED** in Chambers, on this 3rd day of June, 2020.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**