# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:10-CR-00038-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **AGON ELLIOTT LEBLANC JR (01)** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is a Motion for Compassionate Release (Doc. 73) filed by Defendant Agon Elliott Leblanc, Jr. The Government opposes the motion.

## BACKGROUND

On February 10, 2010, a Grand Jury charged Defendant Leblanc with two counts of possession of a firearm by a convicted felon (Counts 1 and 4), one count of carjacking (Count 2), and one count of using and carrying a firearm during and in relation to a crime of violence (Count 3). The United States also asserted that by virtue of Leblanc's prior convictions for Accessory after the Fact to First Degree Murder, Distribution of Cocaine, and First Degree Robbery, Leblanc was subject to the statutory enhanced penalties listed in the Armed Career Criminal Act.

On July 6, 2010, Leblanc pleaded guilty to Counts 1, 2, and 4 in exchange for the United States' agreement to dismiss Count 3 at the time of sentencing.[1] A Presentence Investigation Report ("PSR") was issued, and it was determined that Leblanc's offense level of 27 and Criminal History Category of VI correlated to a guideline range of 130-162

---

[1] Doc. 26.

months incarceration. The PSR noted that an upward departure might be warranted on the ground of under-represented criminal history, and that an upward variance might be warranted in light of the history and characteristics of the defendant and the need to promote deterrence and protect the public.[2]

The Court issued a memorandum ruling in which it determined that Leblanc was not subject to the § 924(e) enhancement, but that it may consider whether a departure or variance would be appropriate.[3] The Court then sentenced Leblanc to 120 months on each of Counts 1 and 4 to be served concurrently, and 180 months on Count 2, to be served consecutively to the sentence imposed on Count 1, and concurrently to the sentence imposed on Count 4.[4] Leblanc appealed his sentence and argued that it was unreasonably high given the facts of the case. The United States Court of Appeal for the Fifth Circuit affirmed the sentence in all respects.[5] Leblanc has served approximately 137 months and the Bureau of Prisons estimates a release date of September 17, 2029.

Leblanc filed the instant Motion for Compassionate Release on March 22, 2022.

## **LAW AND ANALYSIS**

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States,* 560 U.S. 817, 825 (2010). Under 18 U.S.C. 3582(c), a court generally may not modify a term of imprisonment once it has been imposed, except in three circumstances; (1) upon a motion for reduction in sentence

---

[2] PSR at ¶ ¶ 106, 107).
[3] Doc. 37.
[4] Doc. 39.
[5] Doc. 50.

under 18 U.S.C. § 3582(c)(1)(A); (2) to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

Section 3852(c)(1)(A) permits a court to reduce a prisoner's sentence "if he finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

Prior to 2018, only the Director of the BOP could file these kinds of compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, § 3582(c)(1)(A) now allows prisoners to directly petition courts for compassionate release.

Section 3582(c)(1)(A) provides that any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C, § 3582(c)(1)(A). Here, the applicable policy statement, U.S.S.G. § 1B1.13, provides that a court may reduce the term of imprisonment after considering the § 3553(1) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or the community, as provided in 18 US.C. § 3142(g); and (iii) "the reduction is consistent with this policy statement."[6] U.S.S.G. § 1B1.13.

---

[6] The policy statement refers only to motions filed by the BOP director. That is because the policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not entitled to file motions under § 3582(c). See first Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239. In light of the statutory command that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 3582(c)(2)(A)(ii), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the policy statement applies to motions filed by defendants as well.

Under § 3582(c)(1)(A), a court may reduce a term of imprisonment upon finding "extraordinary and compelling circumstances," consistent with applicable guideline policy statements. Under that statute as amended by the First Step Act of 2018 ("FSA"), the Court may act "upon motion of the director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

The BOP has issued a regulation to define its own consideration of compassionate release requests. See BOP Program Statement 5050.50.[7] This Program Statement was amended effective January 17, 2019, following the First Step Act's passage. It sets forth in detail the BOP's definition of the circumstances that may support a request for compassionate release, limited to the same bases the Sentencing Commission identified: serious medical condition, advanced age, and family circumstances. The policy statement is binding under the express terms of § 3582(c)(1)(A), and because it concerns only possible sentence reductions, not increases, it is not subject to the rule of *Booker v. United States,* 543 U.S. 220 (2005), that any guideline that increases a sentence must be deemed advisory. See *Dillon v. United States*, 560 U.S. 817, 830 (2010) (making clear that the statutory requirement in § 3582 that a court heed the restrictions stated by the Sentencing Commission is binding).

In *United States v. Shkambi*, 993 F.3d 388 (5th Cir. Apr. 7, 2021), the Fifth Circuit addressed, as a question of first impression, whether § 1B1.13 and its commentary bind the district court when ruling on motions filed by defendants on their own behalf after Congress

---

[7] Available at https://www.bop.gov/policy/progstat/5050_50EN.pdf .

amended § 3582(c)(1)(A) to permit such filings. The court held "that neither the policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582," and "[t]he district court … is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." *Shkambi*, 993. F.3d at 392.

Leblanc moves to reduce his sentence and argues that this Court should consider his good behavior and "remarkable rehabilitation," as circumstances that would result in a lesser sentence if he were sentenced today. Leblanc argues that the First Step Act changes to 18 U.S.C. § 924(c) sentence "stacking" provisions would affect the result of his sentence.[8] In other words, if he were sentenced today, his sentence would be substantially lower due to the changes in the law. Thus, Leblanc is asking this Court to resentence him.

Leblanc suggests that his rehabilitation post-sentence is "extraordinary and compelling." The Government asserts that Leblanc's disciplinary record indicates four (4) 100-level infractions, BOP's most serious offense level.[9] Of significance, the Government notes that the statutes by which Leblanc was sentenced in 2010 have not been amended or changed by the First Step Act. Furthermore, Leblanc's argument concerning § 924(c) stacking is without merit because he was charged with a violation under that statute (Count 3), which was dismissed.[10]

The Court has considered Leblanc's offense conduct, criminal history, characteristics of the crimes committed, and BOP prison record. In addition, the Court has considered § 3553(a) factors—the defendant's history and characteristics, the need to protect the public, and

---

[8] Doc. 73, p. 24.
[9] Government exhibit 2.
[10] Doc. 26.

the need to deter future violations, 18 U.S.C. § 3553(a)(1) and (a)(2)(B) and (C). As such, Leblanc, has not shown an "extraordinary and compelling' reason for relief and alternatively, the Court finds no basis to reduce LeBlanc's sentence based on the § 3553(a) factors. Accordingly,

**IT IS ORDERED** that the Motion for Compassionate Release is hereby **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 13th day of April, 2022**.**

*[signature]*
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**